

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 16, 1970

Hon. Belker D. Paschall, Jr.     Opinion No. M-577
County Attorney
Wood County Courthouse     Re: Applicability of Section
Quitman, Texas     3.66 of the Texas Family
Code to divorces granted
prior to the effective
date of such section; and
whether Sections 3.21 and
3.24 of the Code are con-
tradictory and render one
or both of those sections
Dear Mr. Paschall:     void or ineffective.

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

"I respectfully request your formal opinion
on the following questions:

"1. Is Section 3.66 of the Family Code en-
acted by the last Legislature, regarding marriage
within six months after divorce, applicable where
divorces were granted prior to the effective date
of this section, which is January 1, 1970?

"...

"2. Are Sections 3.21 and 3.24 contradictory
to the extent of rendering each other void or render-
ing one or the other void or ineffective?"

In regard to your first question, apposite sections of the
Texas Family Code, as enacted in Section 1 of House Bill No. 53
(Acts 61st Leg. R.S. 1969, ch. 888, p. 2706), are as follows:

"3.66. Neither party to a divorce may marry a
third party for a period of six months immediately
following the date the divorce is decreed, but the

parties divorced may marry each other at any time. The court granting the divorce, for good cause shown, may at the time of the divorce decree or thereafter waive the prohibition of this section as to either or both parties." (Emphasis added.)

"1.03(b). The application form shall contain:

". . .

"(4) spaces for indicating whether each applicant has been divorced, and if so, whether the applicant has been divorced during the six-month period preceding the date of the application..." (Emphasis added.)

"1.07(b). The county clerk shall not issue a license to the applicants if he knows any facts which would make the marriage void or voidable under this code.

"(c) If it is revealed that either applicant has been divorced during the six-month period preceding the date of the application, the county clerk shall not issue the license unless it is shown that the subsequent marriage within the six-month period is permitted under Section 3.66 of this code." (Emphasis added.)

Concealing a divorce granted within the six-month period of Section 3.66, supra, is one of the facts referred to in Section 1.07(b), supra, that would make such a marriage voidable under the Code. Section 2.46 (which falls under Chapter 2 of subchapter C of the Code, dealing with the various types of voidable marriages) of the Code provides as follows:

"(a) On the suit of a party to a marriage, the marriage is voidable and subject to annulment if:

"(1) The other party was divorced from a third party within the six-month period preceding the day of the marriage ceremony,

and the prohibition against marrying again
within the six-month period was not waived
under Section 3.66 of this code..."

Section 10 of House Bill No. 53, supra, provides:

"This Act does not affect rights and duties
that matured, penalties that were incurred, or
proceedings that were begun, before its effective
date." (Emphasis added.)

Section 11 of House Bill No. 53, supra, provides that "This
Act takes effect January 1, 1970".

It is apparent from the language of Section 10 of House
Bill No. 53, supra, that the Legislature intended that parties
to actions for divorce commenced prior to January 1, 1970, were
to be governed by the law in effect on December 31, 1969. The
statutory predecessor of Section 3.66, supra, was Article 4640,
Vernon's Civil Statutes, which, until repealed by the Code, read
as follows:

"Neither party to a divorce suit, where a
divorce is granted upon the ground of cruel treat-
ment, shall marry any other person for a period of
twelve months next after such divorce is granted,
but the parties so divorced may marry each other
at any time. In all other cases either party may
marry again after the dissolution of the marriage."
(Emphasis added.)

Under that statute, our courts have held a marriage in vio-
lation thereof was not void, and neither party to the divorce pro-
ceeding had such a justiciable interest in the remarriage of the
other as would enable him to maintain a suit to annul the remar-
riage. Evans v. Hunt, 195 S.W.2d 710 (Tex.Civ.App. 1946, no writ);
Gress v. Gress, 209 S.W.2d 1003 (Tex.Civ.App. 1948, error ref.,
n.r.e.), 15 A.L.R.2d 700; Ex Parte Castro, 115 Tex. 77, 273 S.W.
795 (1925).

It is our opinion that the six-month provisions of the Code
set forth hereinabove must be read in conjunction with the pro-
visions of Sections 10 and 11 of House Bill No. 53, supra. Ac-
cordingly, the remarriage rights of parties to divorces granted,
or to divorce proceedings commenced, prior to January 1, 1970, will
be governed by Article 4640, supra.

The six-month prohibition of Section 3.66 of the Code is applicable only to those divorces where proceedings were commenced after January 1, 1970.

In view of the foregoing, your first question is answered in the negative.

Your second question related to the following sections of the Code:

"3.21. No suit for divorce shall be maintained unless at the time the suit is filed the petitioner has been a domiciliary of this state for the preceding 12-month period and a resident of the county in which the suit is filed for the preceding six-month period." (Emphasis added.)

"3.24. If one spouse has been a domiciliary of this state for at least the last 12 months, a spouse domiciled in another jurisdiction may sue for divorce in the county where the domiciled spouse is domiciled at the time the petition is filed." (Emphasis added.)

We are of the opinion that the above sections are neither inconsistent nor contradictory, and that they can and therefore should be construed harmoniously. Section 3.21, supra, sets residence qualifications that are applicable only to plaintiffs who are domiciliaries of the State of Texas.

Section 3.24, supra, has no statutory predecessor in the former law. We believe the Legislature intended to provide a remedy whereby out-of-state domiciliaries whose spouse has been domiciled in the State of Texas for at least 12 months would be able to obtain a divorce in the courts of this State without having to maintain a twelve months' Texas residence as a prerequisite to bringing a divorce action. In view of the fact that Section 3.21, supra, clearly sets the residence requirements for all petitioners who are domiciliaries of Texas, Section 3.24, supra, can only be construed to apply to petitioners domiciled without the State of Texas. We believe that is the proper meaning to be given to the clause "spouse domiciled in another jurisdiction" in Section 3.24, supra.

In view of the fact that we consider Sections 3.21 and 3.24, supra, to be valid, effectual, and not inconsistent, your second question is answered in the negative.

## S U M M A R Y

(1)  Section 3.66 of the Texas Family Code, which prohibits remarriage of a party to a divorce suit for a six-month period after the date of the divorce decree, applies only to divorce proceedings commenced after January 1, 1970.

(2)  Section 3.21 of the Texas Family Code sets residence requirements for all divorce petitioners who are domiciliaries of the State of Texas; Section 3.24 of the Code applies only to divorce petitioners who are domiciled in a jurisdiction other than that of the State of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Co-Chairman

John Banks
Lonny Zwiener
Charles Parrett
Woodrow Curtis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant